NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YS GARMENTS, DBA Next Level Apparel, | No.   18-56614 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-03345-SJO-JEM |
| v. | |
| CONTINENTAL CASUALTY COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

| | |
|---|---|
| YS GARMENTS, DBA Next Level Apparel, | No.   18-56667 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-03345-SJO-JEM |
| v. | |
| CONTINENTAL CASUALTY COMPANY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted August 20, 2020

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before:  WARDLAW, COOK,** and HUNSAKER, Circuit Judges.

In 2003, Alonn Shafigi and Yosef Simsoly founded Next Level Apparel, a corporation for making and marketing t-shirts.  Though their business prospered, Shafigi and Simsoly disputed the distribution of Next Level's stock for more than a decade.  That dispute resulted in Shafigi bringing suit against Simsoly and Next Level—litigation culminating in a $6.5 million settlement.  Next Level then sued its insurer, Continental Casualty Company, for failing to defend and indemnify Next Level from Shafigi's suit and for breaching the implied covenant of good faith and fair dealing.  Because the district court granted summary judgment for Continental on grounds not raised by either party without giving Next Level notice and a reasonable time to respond, we vacate the second summary judgment order, vacate the first summary judgment order in part, and remand for further proceedings.

1. The district court erred in concluding that Continental and Next Level impliedly formed a contract releasing Continental from its duty to further indemnify Next Level when Continental offered to pay $200,000 toward the Shafigi settlement and Next Level settled the suit because Continental did not raise the implied release issue below and Next Level never received notice and a reasonable opportunity to

_____

**      The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

18-56614

respond. *See* Fed. R. Civ. P. 56(f)(2); *Arce v. Douglas*, 793 F.3d 968, 976 (9th Cir. 2015).

Continental does not dispute that it raised no arguments about an implied release in its summary judgment briefing. Instead, Continental suggests that Next Level received notice of the implied release issue when Continental pleaded (in its cross-complaint) that Next Level "agree[d] in principle" to limit its recovery to $200,000. This cannot provide notice, however, because it departs from the district court's analysis. The cross-complaint alleged that Next Level was obligated to enter into a release agreement with Continental *after* the Shafigi suit settled. The district court, by contrast, found that Next Level's act of settling with Shafigi "effectuated the contract between Continental and Next Level."

Continental also cites the district court's order requiring the parties to brief "whether Continental can be held liable for more than the $200,000 it agreed to pay as part of the settlement." In answer to that question, Continental *could have* argued that the Shafigi settlement constituted an implied release, but it did not. The district court's broad question cannot be said to have put Next Level on notice of every argument Continental might have raised in response.

Continental also cites its second motion for summary judgment to suggest that Next Level had notice of the implied release issue. There, Continental argued that it was willing to pay $200,000, "with the understanding that . . . [Next Level] would

release claims under the EPL Policy . . . ." But that passage appears as part of Continental's argument that Next Level failed to obtain prior written consent to settle. Besides, Continental argued in the same paragraph that Next Level and Continental *did not* effectuate a release.

Continental also cites a portion of its opposition to Next Level's motion for summary judgment. There, Continental argued that the draft release sent to Next Level's counsel shortly after the Shafigi settlement "reflected the parties' intent that . . . Continental would satisfy any indemnity obligation under the EPL Policy" by paying $200,000. Viewed in the light most favorable to Next Level, Continental's draft release suggests that it sought a release *after* settlement. At any rate, this is not an argument that Next Level's settlement of the Shafigi suit effected a release of Continental.

Because Next Level received no notice or opportunity to respond to the implied release issue, we vacate the district court's second summary judgment order. *See Hoard v. Hartman*, 904 F.3d 780, 793 (9th Cir. 2018).

2. The district court also deprived Next Level of notice and a reasonable opportunity to respond when its first summary judgment order dismissed Next

Level's bad faith claims addressing "the alleged breach of a duty to defend or a duty to indemnify" as "duplicative of [Next Level's] breach of contract claims."

Continental responds not by arguing that it raised duplication below, but by contending that Next Level *did* have notice that Continental was challenging its bad faith claims. Continental's first summary judgment motion, however, sought dismissal of the bad faith claims on the theory that Continental met its duty to settle. Continental could have argued that Next Level's breach of contract claims and bad faith claims were duplicative; it did not. And as a result, Next Level did not have an opportunity to offer a defense to the district court's novel approach.

Continental alternatively argues that the district court "implicitly" found Continental did not breach its duty to defend, and thus the district court could summarily dismiss Next Level's bad faith claims regarding Continental's duty to defend. But the district court's first summary judgment order "addresse[d] only the issue of whether Continental had a duty to defend, not whether it breached this duty." Thus, the district court's first summary judgment order did not find, implicitly or otherwise, that Continental satisfied its duty to defend.

Continental cites several cases explaining that if the conduct underlying breach of contract and bad faith claims is identical, and if the relief sought is identical, then the district court may dismiss the bad faith claims as duplicative. Next Level, however, had no "full and fair opportunity to ventilate the issue[]." *Arce*, 793

F.3d at 976 (citation omitted). This error "is not harmless . . . because we do not know what evidence [Next Level] would have presented if [it] had been afforded adequate notice and opportunity to present [its] case" regarding Continental's bad faith. *Norse v. City of Santa Cruz*, 629 F.3d 966, 974 (9th Cir. 2010). We accordingly vacate the district court's first summary judgment order to the extent it dismissed Next Level's bad faith claims addressing Continental's duties to defend and indemnify.

3. We disagree with Continental's assertion that we may affirm the judgment below on the basis that the record includes no admissible evidence of Next Level obtaining prior written consent to settle the Shafigi action.

During oral argument, counsel for Next Level conceded that the district court erred in considering an email sent by Continental's insurance adjuster to establish prior written consent inasmuch as California's mediation privilege renders it inadmissible. *See* Cal. Evid. Code § 1119(a); *see also* Fed. R. Evid. 501. After Next Level and Shafigi signed their settlement agreement, however, Continental sent a draft release confirming that it had "consented" to the settlement and "agreed to contribute" $200,000 on behalf of Next Level. The draft release was a post-mediation communication. *See* Cal. Evid. Code § 1125. Section 1119 does not restrict using post-mediation communications as evidence. *See id.* As a result, the post-mediation draft release constitutes admissible evidence tending to show that

Continental gave prior written consent to the Shafigi settlement. *See* Fed. R. Evid. 801(d)(2)(A).

We VACATE the second summary judgment order, VACATE the first summary judgment order in part, and REMAND to the district court. The parties shall bear their own costs.